United States District Court
Northern District of Texas
Dallas

US MARSHALS SERVICE N/TX
DALLAS, TEXAS

2019 SEP 20  P 4: 48

UNITED STATES OF AMERICA

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
SEP 23 2019
MITCHELL R. ELFERS
CLERK

V.

Dominic Barney

19mj3307

CASE NUMBER: 3:15-cr-00059-N-2

MAG. CASE NUMBER: _____

To: The United States Marshal
and any Authorized United States Officer

## WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE

You are hereby commanded to arrest the within-named probationer/supervised releasee and bring him/her, forthwith, before the United States District Court to answer charges that he/she violated the conditions of his/her probation/supervised release imposed by the Court.

NAME OF PROBATIONER/SUPERVISED RELEASEE:

Dominic Barney

ADDRESS (STREET, CITY, STATE):

UNKNOWN

PROBATION/SUPERVISED RELEASE IMPOSED BY (NAME OF COURT):   DATE IMPOSED

U.S. District Court Northern District of Texas (Dallas)   9/18/2015

TO BE BROUGHT BEFORE (JUDGE, NAME OF COURT, CITY, STATE):

U.S. District Judge, U.S. District Court Northern District of Texas, Dallas

Karen Mitchell, U.S. District Court Clerk

s/Y.Pace
(By) Deputy Clerk

9/20/2019
Date

---

### RETURN

Warrant received and executed.

Date Received _____   Date Executed _____

Executing Agency (Name and Address)

_____

Name: _____   (By) _____   Date: _____

9718818

UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

**SEALED**

## Petition for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | Dominic Barney |
| Case No.: | 3:15-CR-059-N (2) |
| Name of Sentencing Judge: | U.S. District Judge David C. Godbey |
| Date of Original Sentence: | September 14, 2015 |
| Original Offense: | Attempted Bank Robbery; Aiding and Abetting, 18 U.S.C. § 2113(a) and 2, a Class C felony |
| Original Sentence: | 63 months custody, 1-year term of supervised release |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 49130-177 |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | July 19, 2019 |
| Assistant U.S. Attorney: | Lisa J. Miller |
| Defense Attorney: | D. Robin McCarty (Court appointed) |

### Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

I.

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK
By /s/ YOLANDA PACE
      DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
September 20, 2019

#### Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

#### Violation of Standard Condition No. 7

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

#### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.

Case 1:19-mj-03307-JFR   Document 3   Filed 09/23/19   Page 3 of 5

Dominic Barney
Petition for Offender Under Supervision
Case 3:15-cr-00059-N   Document 57   Filed 09/20/19   Page 2 of 4   PageID 215

### Nature of Noncompliance

Dominic Barney violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in August 2019. On August 5, 2019, Mr. Barney submitted a urine sample to A New Awakening, Incorporated (ANA) in Albuquerque, New Mexico, that tested positive for marijuana. On August 12, 2019, Mr. Barney admitted, verbally and in writing, to U.S. Probation Officer Angie Escobedo (USPO Escobedo) that he possessed and ingested marijuana.

## II.

### Violation of Mandatory Condition

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment.

### Nature of Noncompliance

Mr. Barney violated these conditions of supervised release when he refused to comply with drug testing in August 2019. On August 20, and August 30, 2019, Mr. Barney falsified his drug test at ANA by submitting a yellow liquid that was not his urine sample. Mr. Barney introduced the yellow liquid in a condom, poked a hole in the condom with a pin, and purported the sample to be his own urine. On September 6, 2019, Mr. Barney verbally admitted to USPO Escobedo that he falsified his drug tests and admitted he was has been smoking marijuana more frequently than originally reported.

Mr. Barney violated these conditions of supervised release when he refused to comply with drug testing in September 2019. On September 16, 2019, Mr. Barney failed to submit to drug testing as directed.

### Personal History

On July 19, 2019, Mr. Barney was released from the Bureau of Prisons and began his term of supervised release in the District of New Mexico, Albuquerque Division. Mr. Barney has lived as his mother's home since his release from custody. He was referred for substance abuse treatment and random drug testing at ANA. Mr. Barney has remained unemployed and has not made any payments towards his financial obligation. Mr. Barney's restitution balance remains $7,259.00.

Case 1:19-mj-03307-JFR Document 3 Filed 09/23/19 Page 4 of 5

Dominic Barney
Petition for Offender Under Supervision
Case 3:15-cr-00059-N Document 57 Filed 09/20/19 Page 3 of 4 PageID 216

### Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. §§ 3583 (g)(1) & (g)(3). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence...The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

### Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.1(a)(3), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Case 1:19-mj-03307-JFR   Document 3   Filed 09/23/19   Page 5 of 5

Dominic Barney
Petition for Offender Under Supervision
Case 3:15-cr-00059-N   Document 57   Filed 09/20/19   Page 4 of 4   PageID 217

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 19, 2019
Respectfully submitted,

_____
Louie Rodriguez
U.S. Probation Officer
Dallas Office
Phone: 214-317-9036
Fax: 214-753-2570

Approved,

_____
Angela Roberson
Supervising U.S. Probation Officer
Phone: 817-505-1078

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional: _____

_____

☒ File under seal until further order of the Court.

_____
The Honorable David C. Godbey
U.S. District Judge

September 20, 2019
Date